

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
02/13/2017

| | | |
|---|---|---|
| IN RE: | § | |
| KARINA GUERRA RODRIGUEZ; dba G + | § | CASE NO: 16-70150 |
| G DRY CLEANERS; dba G & G TUXEDO | § | |
| RENTAL; dba EXCELLENT DRY | § | |
| CLEANERS | § | CHAPTER 13 |
|     Debtor | § | |
| | § | JUDGE EDUARDO V. RODRIGUEZ |

MEMORANDUM OPINION
DENYING OVATION SERVICES, LLC'S
MOTIONS TO ALLOW LATE PROOF OF CLAIM
[*Resolving ECF Nos. 59 & 60*]

## I. INTRODUCTION

"Most of the things we do, we do for no better reason than that our fathers have done them or our neighbors do them, and the same is true of a larger part than what we suspect of what we think."[1]  Imitation for the sake of imitation continues to impact the practice of law: notably, in the practice of filing motions to allow late proofs of claim.  Here, Ovation Services LLC ("*Ovation*") has filed two Motions to Allow Late Proof of Claim to have their untimely claim allowed by this Court.  [ECF Nos. 59, 60] (the "*Motions*").  Essentially, Ovation seeks a comfort order allowing an untimely proof of claim, which has already been filed without objection in this case.  This Court now considers whether a motion to allow a late proof of claim is required, or merely a superfluous filing.  Having considered the parameters of the Bankruptcy Code,[2] specifically 11 U.S.C. § 502(a), the Federal Rules of Bankruptcy Procedure, and applicable case law, this Court concludes that Ovation's Motions are unnecessary filings and this

---

[1] Oliver Wendell Holmes, Jr., *The Path of the Law*, 10 HARV. L. REV. 457, 468 (1897).
[2] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

Court does not have the discretion to grant the relief requested by Ovation.

## II.  FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014.  To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such.  To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

Karina Guerra Rodríguez ("**Debtor**") filed under title 11, chapter 13 of the Code on April 4, 2016.  [ECF No. 1].  Debtor, in Schedule D of her bankruptcy petition, listed Ovation as a creditor for a tax lien.  *Id.* at 22.  The deadline for creditors to file proofs of claim was August 24, 2016.  [ECF No. 10 at 2].  On September 9, 2016, and September 12, 2016, Ovation—citing Fed. R. Bankr. P. 9006(b)(1) and 3003(c)(3)—filed the Motions, which essentially raise the same request: namely, seeking leave of this Court to extend the time to file a proof of claim.  [ECF Nos. 59, 60].  Ovation filed its proof of claim in the amount of $45,716.67 on September 12, 2016.  [Claim No. 7-1].  On September 13, 2016, Ovation filed its Objection to Confirmation of Debtor's proposed chapter 13 plan for not paying Ovation's claim in full.  [ECF No. 61] (objecting to [ECF No. 47]).  On November 14, 2015, this Court signed an Agreed Order on Ovation's Objection to Confirmation, which finds that Ovation is the holder of a secured claim and that Debtor will make regular monthly payments until Ovation's claim is paid in full.  [ECF No. 85].  In accordance with the Agreed Order, Debtor's Amended Chapter 13 Plan treats Ovation's claim in Section No. 8.  [ECF No. 71 at 7] (the "***Plan***").

On November 15, 2016, the Court held a hearing on the Motions whereby Debtor's Counsel was unopposed to the relief sought by Ovation.  Nevertheless, the Court ordered briefing and took the matter under advisement.  The Court ordered the briefing to be

consolidated with briefing ordered in a case where Ovation filed similar motions. *See* [Case No. 16-10090, ECF Nos. 41, 42]. That case was dismissed on January 4, 2017. [ECF No. 67]. Ovation filed its consolidated brief on December 22, 2016, in the now dismissed case. [ECF No. 66] (the "***Brief***"). The Court will entertain the arguments in the Brief in the remaining case. In the Brief, Ovation alleges that a "miscommunication" between the San Antonio and Austin Ovation offices caused Ovation to miss the deadline to file a proof of claim. *Id.* at 2. Briefing is now closed and the matter is ripe for consideration.

### III.  LEGAL STANDARD

"A creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). The Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11 U.S.C. § 502(a). Further, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). If "an objection to a claim is made, the court . . . shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . proof of such claim is not timely filed." § 502(b)(9). In a chapter 13 bankruptcy proceeding, "a proof of claim is timely filed if it is not later than 90 days after the first date set for the meeting of creditors." Fed. R. Bankr. P. 3002(c). "An objection to the allowance of a claim shall be in writing and filed . . . with notice of the hearing thereon . . . at least 30 days prior to the hearing." Fed. R. Bankr. P. 3007(a).

Although courts are typically permitted discretion to enlarge time for cause shown, "the court may enlarge the time for taking action under Rule[] . . . 3002(c) . . . only to the extent and under the conditions stated" in the rule. Fed. R. Bankr. P. 9006(b)(3). Pursuant to Rule 3002, a

court may extend time to file a proof of claim for the following six enumerated reasons: (1) a "governmental unit" files a proof of claims no later than 180 days after the order for relief, (2) "an infant or incompetent person or the representative of either" files a late proof of claim, (3) "an unsecured claim which arises in favor of an entity or becomes allowable as a result of the judgment may be filed within 30 days after the judgment becomes final," (4) "[a] claim arising from the rejection of an executory contract or unexpired lease of the debtor," (5) if a dividend appears possible after a notice of insufficient assets to pay a dividend was given to creditors, (6) and "[i]f notice of the time to file a proof of claim has been mailed to a creditor at a foreign address . . . if the court finds that the notice was insufficient under the circumstances." Fed. R. Bankr. P. 3002(c)(1)–(6).

## IV.  CONCLUSIONS OF LAW

### A.  Jurisdiction & Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). The case at bar involves whether the Court should entertain Ovation's Motion to Extend Time to file a proof of claim, which is an inherent aspect of a bankruptcy proceeding. This is a core matter as it involves the "allowance or disallowance of claims against the estate." § 157(b)(2)(B); s*ee also In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999)[3]; *In re Clark*, 2014 WL 5100111, at *2 (Bankr. S.D. Tex. Oct. 10, 2014).

---

[3] "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

This Court may only hear a case in which venue is proper.  28 U.S.C. § 1408.  In the petition, Debtor lists her residence as San Juan, Texas.  [ECF No. 1 at 2].  Therefore, venue is proper.

### B.  Constitutional Authority To Enter A Final Order

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order.  *Stern v. Marshall*, 564 U.S. 462 (2011).  *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938–39 (2015) (holding that parties may consent to jurisdiction on non-core matters).  The crux of this issue is whether this Court should grant Ovation's Motions.  [ECF Nos. 59, 60].  Having determined that the instant case involves a core matter, this Court acknowledges the issues *Stern* presents.  564 U.S. at 473–74.  The Code specifically addresses whether a claim is deemed allowed against the estate.  § 502(a).  Additionally, parties are guided by various procedures to file a proof of claim or interest, which falls squarely within the realm of bankruptcy.  Fed. R. Bankr. P. 3002.  As the allowance of a claim is a quintessential issue in bankruptcy law, this Court possesses the necessary constitutional authority to enter a final order in this matter.  *In re Clark*, 2014 WL 5100111, at *2.

### C.  Ovation's Proof of Claim is Allowed Because No Objections Were Raised and a Motion to Allow a Late Proof of Claim is Not Required

The issue before this Court is whether Ovation is required to file a motion to allow late proof of claim.  *See* [ECF Nos. 59, 60].  Section 502(a) allows a proof of claim unless "a party in interest . . . objects."  *See also* Collier on Bankruptcy, ¶ 502.02 (16th ed. 2012) (noting that § 502(a) "provides that proofs of claim or interest filed under section 501(a) are allowed unless objection is interposed").  The Code provides a list of potential objections to a proof of claim, including untimely filed claims.  § 502(b)(9).  Thus, an untimely proof of claim will be allowed unless an objection is made based on the tardiness of the claim.  *In re Hogan*, 346 B.R. 715, 721

(Bankr. N.D. Tex. 2006) ("Section 502(b)(9) has made clear, for over a decade now, that a proof of claim not timely filed, regardless of whether it is secured or unsecured, should not be allowed if there is an objection made on grounds of timeliness."). *See also Matter of Waindel*, 64 F.3d 1307, 1307–08 (5th Cir. 1995) (noting that the addition of § 502(b)(9) resolved the conflicts surrounding whether an untimely claim was automatically disallowed).

Ovation concedes that the claim was untimely, thus prompting the Motions. [Case No. 16-10090, ECF No. 66 at 2]. *Compare* [Claim No. 7-1] *with* [ECF No. 10]. It is worth noting that Ovation filed the claim in question contemporaneously with the second motion. *Compare* [Claim No. 7-1] *with* [ECF No. 60]. In Ovation's Objection to Confirmation, Ovation alleged that it "is the holder of an allowed secured Proof of Claim." [ECF No. 61]. Since Ovation filed its claim, Debtor has not filed an objection to that claim. At the November 15, 2016 hearing, Debtor announced no objection to Ovation's Motions. Ovation and Debtor entered into an agreed order to pay Ovation's claim in full throughout Debtor's bankruptcy. [ECF No. 85]. Additionally, Debtor includes treatment of Ovation's claim in her Plan. [ECF No. 71 at 7]. Thus, Debtor has not objected in compliance with Fed. R. Bankr. 3007, and therefore, Ovation's claim is allowed. § 502(a); *In re Munger*, 2011 WL 2161429, *2 (Bankr. N.D. Tex. June 2, 2011); *In re Hogan*, 346 B.R. at 721.

Although Ovation's claim is allowed, this Court notes that the practice of filing motions to allow a late proof of claim is unnecessary under the plain language of § 502(a). If a late proof of claim is filed, the various parties of interest—in this case Debtor and the chapter 13 trustee— bear the onus to raise an objection based on untimeliness if so desired. § 502(b)(9). Here, Ovation may file the proof of claim, despite being untimely. § 502(a); *In re Hogan*, 346 B.R. at 719. Further, in Ovation's Objection to Confirmation, Ovation asserts that the claim is allowed.

[ECF No. 61]. In the Brief, Ovation argues that a creditor may desire a comfort order because procedures are not uniform in different courts. [Case No. 16-10090, ECF No. 66 at 3–4] (alleging that trustees in some jurisdictions require a motion). While this Court acknowledges that a creditor may prefer a comfort order, this Court finds that pursuant to § 502(a) a motion is not required to allow a late proof of claim. Thus, Ovation's Motions are superfluous filings because the claim is allowed unless a party in interest objects. § 502(a).

Ovation's Motions seek an enlargement of time to file a proof of claim and "an order granting allowance of Movant's Proof of Claim." [ECF Nos. 59, 60]. Specifically, Ovation points to Fed. R. Bankr. P. 3003(c)(3) to extend the time to file a proof of claim. *See* [ECF Nos. 59, 60]. At the outset, the Court notes that Ovation's reliance on Rule 3003(c)(3) is misplaced because the rule "applies in chapter 9 and 11 cases," whereas the case at bar is a chapter 13 proceeding. Fed. R. Bankr. P. 3003(a). Notably, this Court does not have discretion to enlarge time to file a proof of claim unless the situation falls into one of the six enumerated exceptions in Rule 3002(c). Fed. R. Bankr. P. 9006(b)(3). Ovation alleges that due to a miscommunication "the bar date was not properly calendared and the requisite documents were therefore not prepared in advance." [ECF No. 59 at 3]. Ovation's reasoning for requiring an exception of time does not fall within any of the six enumerated exceptions. *See* Fed. R. Bankr. P. 3002(c)(1)–(6). This Court acknowledges that Ovation seeks the particular relief because an untimely prof of claim "stands in a most precarious position." *In re Kelley*, 259 B.R. 580, 583 (Bankr. E.D. Tex. 2001) (noting that an untimely proof of claim is "subject to the presentation of a potentially successful objection by the debtor"). Yet, Ovation has not demonstrated that the situation at bar falls within one of the enumerated exceptions under Rule 3002(c). *See* [ECF Nos. 59, 60]; [Case No. 16-10090, ECF No. 66]. Pursuant to Rule 9006(b)(3), this Court does

not have the discretion to extend the period to timely file proofs of claim. The Court only has discretion to issue an order permitting Ovation to file the claim, but not to deem it as timely. *Id.*; *see also* Fed. R. Bankr. P. 9006(b)(3). Therefore, the Motions are denied because this Court does not have the discretion to extend the time for filing timely proofs of claim. *See In re Kelley*, 259 B.R. at 584; *In re Profco, Inc.*, 339 B.R. 614, 618–19 (Bankr. S.D. Tex. 2005) (finding that "Bankruptcy Rule 9006(b)(3) expressly prohibits this Court from enlarging the time limits of Rule 3002(c)"); *see also* Fed. R. Bankr. P. 9006(b)(3).

## V. CONCLUSION

Filing a motion for the sake of receiving a comfort order remains a common practice concerning late proofs of claims. Here, this Court considered whether a motion to allow a late proof of claim is a superfluous filing. While a comfort order may be desired, this Court finds that filing a motion for a late proof of claim is a superfluous filing pursuant to § 502(a)'s plain language. Thus, Ovation's Motions are unnecessary filings because Ovation's claim is statutorily allowed unless a party in interest objects. § 502(a); *In re Hogan*, 346 B.R. at 719. Additionally, the Court does not have discretion to extend the time for Ovation to file a proof of claim because there is no evidence that the delay falls within one of the six enumerated exceptions. Fed. R. Bankr. P. 9006(b)(3); *In re Kelley*, 259 B.R. at 584; *In re Profco, Inc.*, 339 B.R. at 618–19. Accordingly, Ovation's Motions, [ECF Nos. 59, 60], are hereby **DENIED**.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 02/13/2017.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge